UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARA MARIE RASH, ET AL** | * | **CIVIL ACTION NO. 2:15-cv-2748** |
| | * | |
| v. | * | **JUDGE MINALDI** |
| | * | |
| **JD BANK (f/d/b/a JEFF DAVIS BANK & TRUST CO.)** | * | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 8) filed by Jeff Davis Bancshares, Inc., a Motion for Oral Argument (Rec. Doc. 10) filed by Jeff Davis Bancshares, Inc., a Response (Rec. Doc. 17) filed by Plaintiffs, and a Reply (Rec. Doc. 18) filed by JD Bank.[1] For the following reasons, the Motion to Dismiss (Rec. Doc. 8) will be **GRANTED**, and the Motion for Oral Argument (Rec. Doc. 10) will be **DENIED AS MOOT**.

### FACTS & PROCEDURAL HISTORY

JD Bank serves as Trustee of various irrevocable trusts created by the Coushatta Tribe to hold and, under certain circumstances, distribute earnings of the Coushatta Tribe to its members, including minors.[2] In 2006, the Tribal Council for the Coushatta Tribe amended its enrollment requirements so that some then-minor children named as beneficiaries of certain Children's Trusts were disenrolled as members of the Coushatta Tribe.[3] Plaintiffs are ten individuals in whose benefit Children's Trusts were established between 2000 and 2001, but who were disenrolled from the Coushatta Tribe as a result of the amended enrollment requirements.[4]

---

[1] JD Bank was substituted for the defendant Jeff Davis Bancshares, Inc. *See* Order (Rec. Doc. 15).
[2] *See* Compl. (Rec. Doc. 1) ¶¶ 11-14.
[3] *Id.* ¶ 3.
[4] *See id.* ¶¶ 3-6, 11.

1

On December 11, 2006, JD Bank filed a Petition for Instructions with the Coushatta Tribal Court requesting instruction and interpretation of the Children's Trust Agreements under Coushatta law as to the disenrolled individuals.[5] Plaintiffs were named as parties in those proceedings and fully litigated the case in the Coushatta tribal court system.[6] After nearly nine years of litigation, the Coushatta Tribal Court of Appeals affirmed a judgment of the Coushatta Tribal Court instructing JD Bank to return to the Coushatta Tribal Council any assets held in trust for disenrolled beneficiaries, including the ten Plaintiffs.[7] Shortly thereafter, Plaintiffs filed the complaint now being challenged.[8]

## LAW & ANALYSIS

Plaintiffs allege that JD Bank (1) violated the Louisiana Trust Code, and (2) violated the Fourteenth Amendment by depriving them of property without due process of law and equal protection of law. JD Bank argues the court should dismiss the case for a variety of reasons, including failure to join an indispensable party, failure to state a claim, lack of subject matter jurisdiction, improper venue, and for principles of comity. Only the failure to state a claim and lack of subject matter jurisdiction arguments will be addressed.

### FAILURE TO STATE A CLAIM

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* FED. R. CIV. PRO. 12(b)(6). In the Fifth Circuit, Rule 12(b)(6) motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State*

---

[5] *See* Ex. A-1, Pet. for Instructions (Rec. Doc. 8-2); *see also* Ex. A-2, Am. Pet. for Instructions (Rec. Doc. 8-3).
[6] *See* Ex. A-2, Am. Pet. for Instructions (Rec. Doc. 8-3) ¶ 9; *see also* Ex. G, Coushatta Tribal Court of Appeals Nov. 20, 2015, Decision (Rec. Doc. 8-9).
[7] *See* Ex. D, Coushatta Tribal Court June 18, 2012, J. (Rec. Doc. 8-6); *see also* Ex. G, Coushatta Tribal Court of Appeals Nov. 20, 2015, Decision (Rec. Doc. 8-9).
[8] Compl. (Rec. Doc. 1).

2

*Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Plaintiffs allege JD Bank violated their equal protection and due process rights under the Fourteenth Amendment when it failed to distribute the assets of the Children's Trusts to them "due to the actions of the Coushatta Tribe and under color of Coushatta law."[9] The equal protection and due process limitations of the Fourteenth Amendment that apply to state authority do not limit tribal power. *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 170 (1982); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 & n.7 (1978) (collecting cases). Even if JD Bank were acting under color of law when it obeyed the tribal court order and did not distribute the assets of the Children's Trusts to Plaintiffs, which is a tenuous argument, it would have been acting under color of tribal law, not state law. Thus, no cause of action can arise under the Fourteenth Amendment, and the equal protection and due process claim must be **DISMISSED**.

LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs filed the complaint pursuant to the court's federal-question jurisdiction and acknowledge that no diversity of citizenship exists. "The district courts may decline to exercise supplement jurisdiction over a claim [if] the district court has dismissed all claims over which it

---

[9] *Id.* ¶ 27.

has original jurisdiction . . . ." 28 U.S.C. § 1367. Considering the federal claim will be dismissed and the sole remaining claim arises under state law, the court declines to exercise supplemental jurisdiction over the state law claim.

Lake Charles, Louisiana, this 24 day of \_\_\_\_\_July\_\_\_\_\_, 2016.

*/s/ Patricia Minaldi*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE